1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8
9

DARREN KAWAMOTO,                      CASE No. 1:11-cv-01308-MJS     (PC)

10

                                      ORDER GRANTING PLAINTIFF'S MOTION
11            Plaintiff,               FOR EXTENSION OF TIME TO
                                      COMPLETE AND RETURN SERVICE
12      v.                             DOCUMENTS AND DENYING, WITHOUT
                                      PREJUDICE, REQUESTED INJUNCTIVE
13                                     RELIEF

14   DEPARTMENT OF CORRECTIONS
     AND REHABILITATION, et al.,       (ECF Nos. 15)
15
                                      THIRTY (30) DAY DEADLINE
16            Defendants.

17
                                    /
18
19
20

**I.    PROCEDURAL HISTORY**

21

        Plaintiff Darren Kawamoto is a state prisoner proceeding pro se and in forma

22

pauperis in this civil rights action filed August 8, 2011 pursuant to 42 U.S.C. § 1983.

23

(Compl., ECF No. 1.) Plaintiff has consented to Magistrate Judge jurisdiction. (Consent,

24

ECF No. 5.)

25
26

        On September 26, 2012, the Court screened Plaintiff's Complaint, found it stated

27

cognizable claims against certain Defendants for violation of Plaintiff's rights under by the Fourteenth Amendment, the Americans with Disabilities Act, and the Rehabilitation Act, and ordered Plaintiff to complete and return service documents within thirty days. (Order Cogniz. Claims, ECF No. 8.) The Court has twice since extended time for Plaintiff to complete and return service. (Orders, ECF Nos. 10, 13.) Service documents are currently due from Plaintiff by not later than December 6, 2012. (Id.)

Pending before the Court is Plaintiff's motion for a further thirty day extension of time to complete and return service documents and for injunctive relief forbidding all CDCR staff from interfering with Plaintiff's access to courts. (Mot. for Ext. Time and Inj. Relief, ECF No. 15.)

II.     **LEGAL STANDARD**

   A.     **Extensions of Time**

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . ." Fed. R. Civ. P. 6(b)(1). The Court has wide discretion to extend time. Jenkins v. Commonwealth Land title Ins. Co., 95 F.3d 791, 795 (9th Cir. 1996). A party must demonstrate some justification for the issuance of the enlargement order. Ginett v. Federal Express Corp., 166 F.3d 1213 at 5* (6th Cir. 1998). However, enlargement will normally be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party. Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1259 (9th Cir. 2010).

   B.     **Injunctive Relief**

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy,

-2-

never awarded as of right." <u>Winter v. Natural Res. Defense Council</u>, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Am. Trucking Ass'ns, Inc. v. City of Los Angeles</u>, 559 F.3d 1046, 1052 (9th Cir. 2009), quoting <u>Winter</u>, 555 U.S. at 20. An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Winter, 555 U.S. at 22.

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ("PLRA"), which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the federal right, and is the least intrusive means necessary to correct the violation of the federal right."

Injunctive relief should be used "sparingly, and only . . . in clear and plain case[s]." <u>Rizzo v. Goode</u>, 423 U.S. 362, 378 (1976).

## III.   **ARGUMENT**

Plaintiff is housed in Ad-Seg. (Mot. for Ext. Time and Inj. Relief at 2:5-6.) He contends unidentified staff have denied him physical access to the prison law library despite his November 6, 2012 request and pending court deadline. (<u>Id.</u> at 1:18-21.) This has prevented his timely completion and return of service documents. (<u>Id.</u> at 1:22-24.)

Plaintiff seeks a further thirty day extension of time to complete and return service documents and also requests an injunction "forbidding any and all CDCR staff from interfering in any way with [his] access to the courts when it is [his] designated

1
2
library use time per [his] housing and custody status", and from "any retaliations that may occur as a result of his asking the court to intercede." (<u>Id.</u> at 3:4-21.)

3
**IV.    ANALYSIS**

4
5
6
Plaintiff has demonstrated good cause for further extension of time, but not satisfied legal prerequisites for injunctive relief.

7
**A.    Further of Extension of Time**

8
9
10
11
12
13
Further extension of time is warranted based upon Plaintiff's representations that his housing and custody status and lack of physical access to the law library presented difficulties in accessing information necessary for completion of his service documents. The Court finds good cause for a further thirty day extension of time for completion and return of service documents.

14
15
16
17
18
19
20
21
However, the Court has provided Plaintiff with service forms and instructions.  He need only complete and return them and the U.S. Marshall's Office will serve Defendants. Absent highly unusual circumstance, completion of the service documents should not require extensive, if any, library research. Thus, absent some explanation of extraordinary circumstances, the Court expects Plaintiff to complete and return all service documents within this extended time period notwithstanding any continuing difficulties gaining library access.

22
**B.    Injunctive Relief**

23
1.    <u>No Showing of Likelihood of Success on the Merits</u>

24
25
26
27
Plaintiff has failed at this early stage of the litigation to allege facts demonstrating a likelihood of success on the merits. Defendants have not yet appeared and the accommodation and equal protection claims found cognizable by the Court remain in

1   dispute. Plaintiff's operative Complaint does not contain any cognizable access to

2   courts claim.

3       His motion fails to explain why physical law library access is necessary to

4   completion of his service documents and that he has suffered "actual prejudice" with

5   respect to the instant action or other contemplated or existing litigation. Lewis v. Casey,

6
7   518 U.S. 343, 349 (9th Cir. 1996). In fact, no adverse action has been taken against him

8   in this case because of delay in service.

9       Plaintiff's alleged need for relief from potential future denial of access to courts

10  and future retaliation is speculative and unsupported by any fact or cognizable claim in

11  this matter.

12       Plaintiff also fails to specify the individuals against whom he seeks injunctive

13  relief. Generalized injunctive relief against unidentified CDCR staff is not permissible.

14
    The PLRA states that:

15

16      [T]he court shall not grant or approve any prospective relief unless the court finds

17          that such relief is narrowly drawn, extends no further than necessary to correct

18          the violation of the Federal right, and is the least intrusive means necessary to

19          correct the violation of the Federal right. The court shall give substantial weight to

20
21          any adverse impact on public safety or the operation of a criminal justice system

22          caused by the relief.

23  18 U.S.C. § 3626(a)(1)(A). Similar requirements apply with respect to temporary

24  restraining orders and preliminary injunctive relief. See 18 U.S.C. § 3626(a)(2).

25          2.   No Irreparable Harm

26      Plaintiff has failed to demonstrate irreparable harm. See City of Los Angeles v.

27

1  Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of

2  injury, and "past exposure to illegal conduct does not in itself show a present case or

3  controversy regarding injunctive relief . . . if unaccompanied by any continuing, present,

4  adverse effects.") He alleges no facts suggesting harm arising from his present lack of

5  physical access to the law library. The instant motion does not demonstrate that he has

6  suffered "actual prejudice" in the absence of access. His underlying pleading alleges no

7  such risk of harm.

8

9          3.      Balance of Equities and Public Interest Not in Plaintiff's Favor

10         The absence of a showing of likelihood of success on the merits, and of

11  irreparable harm leaves nothing to tip the balance of equities in Plaintiff's favor, or

12  suggest that an injunction would be in the public interest.

13

14         In any event, absent the existence of exceptional circumstances not present here,

15  the Court will not intervene in the day-to-day management of prisons. See e.g., Overton

16  v. Bazzetta, 539 U.S. 126, 132 (2003) (prison officials entitled to substantial deference);

17  Sandin v. Conner, 515 U.S. 472, 482-83 (1995) (disapproving the involvement of federal

18  courts in the day-to-day-management of prisons.)

19

20         Plaintiff's allegations do not support an entitlement to injunctive relief.

21  **V.     CONCLUSION AND ORDER**

22         Good cause having been presented to the Court, Plaintiff shall be granted a

23  further extension of time to complete and return service documents. Plaintiff has not

24  shown a need for or entitlement  to injunctive relief.

25         Accordingly, it is HEREBY ORDERED that Plaintiff's motion for extension of time

26  to complete and return service documents and for injunctive relief (ECF No. 15) is

27

1  GRANTED IN PART such that Plaintiff shall complete and return all service documents

2  provided to him under the Court's November 2, 2012 order, by not later than thirty (30)

3  days following service hereof, and DENIED IN PART as to all injunctive relief requested

4  herein.

5  IT IS SO ORDERED.

6

7  Dated:    December 15, 2012        /s/ *Michael J. Seng*

8                                                UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27