UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN KAWAMOTO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants. | CASE No. 1:11-cv-01308-LJO-MJS<br><br>FINDINGS AND RECOMMENDATIONS DENYING DEFENDANTS' MOTION TO DISMISS<br><br>(ECF No. 22)<br><br>OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |

**I.　PROCEDURAL HISTORY**

Plaintiff Darren Kawamoto, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 8, 2011. (ECF No. 1.) This action is proceeding on Plaintiff's original complaint, which asserts claims based on the Americans with Disabilities Act (ADA), the Rehabilitation Act (RA), and the Fourteenth Amendment. (ECF No. 8.)

The Defendants moved to dismiss this action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. (ECF No. 22.) Plaintiff filed an opposition (ECF No. 28) and Defendants replied (ECF No. 29). The motion to dismiss is deemed submitted pursuant to Local Rule 230(l).

## II. **LEGAL STANDARD**

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted), cert. denied, 132 S.Ct. 1762 (2012). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party, Daniels-Hall, 629 F.3d at 998, and in this Circuit, pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

## III. **PLAINTIFF'S CLAIMS**

Plaintiff's medical conditions confine him to a wheelchair. On February 5, 2011, Plaintiff attempted to participate in a game of horseshoes on the yard at the California Substance Abuse Treatment Facility (CSATF). The area leading to the horseshoe pits is soft dirt and as Plaintiff wheeled himself towards the game his wheels became stuck.

2

Another inmate tried to assist Plaintiff but the wheels sank deeper. Plaintiff fell out of his chair trying to cross the dirt. (Compl., ECF No. 1 at 3.)

Plaintiff filed an inmate appeal requesting that accommodations be made for disabled access to the horseshoe pits. (Id. at 12.) Defendants Lines and Prud'Homme provided the first level response. The Defendants granted Plaintiff's request but stated that completion of any accommodation was subject to available funding. (Id. at 20.) Plaintiff pursued his appeal to the second level. Defendant Heck investigated the appeal and told Plaintiff that there were alternatives available such as: board and card games, pull-up bars, dip bars, softball toss, Frisbee toss, and free throw contests. (Id. at 5.) Defendant Allison affirmed the first level response and reiterated the availability of alternatives. (Id. at 21.) Defendants Sullivan and Foston reviewed Plaintiff's appeal at the final administrative level and determined that Plaintiff's request was handled properly. (Id. at 23, 24.)

Since Plaintiff filed his inmate appeal, gravel was poured around a dirt track to reduce the risk of able bodied inmates spraining their ankles as they run. (Id. at 5.) However, the Defendants have made no effort to secure Plaintiff's requested accommodations. (Id. at 6.)

IV.   **ARGUMENTS**

   A.   **Defendants' Motion to Dismiss**

Defendants move to dismiss this action for failure to state a claim upon which relief may be granted. The Complaint seeks damages and an injunction requiring that the horseshoe pit at CSATF be made wheelchair accessible. Defendants argue that the injunctive relief requested is moot because Plaintiff is no longer housed at CSATF. (ECF No. 22-1 at 3.) The motion also argues that Plaintiff is barred from seeking equitable

relief because he is a member of the Armstrong[1] class and must instead pursue relief through class counsel. (Id. at 3 and 4.)

Defendants further argue that Plaintiff cannot recover damages under the ADA or the RA because the facts alleged do not demonstrate intentional discrimination on the part of the Defendants. Citing Duval v. County of Kitsap, 260 F.3d 1124, 1138-39 (9th Cir. 2001), Defendants contend that once a public entity has notice of the need for an accommodation, the entity has a duty to determine what constitutes a reasonable accommodation under the circumstances. (ECF No. 22-1 at 4-5.) Plaintiff did not allege that the Defendants failed to make a fact-specific investigation. Defendants agreed to build Plaintiff a path to the horseshoe pits once funds became available. Defendants argue that Plaintiff "cites no law to support his claim that his accommodation must be provided immediately, or before the prison makes other expenditures." (Id. at 5.)

Defendants also contend Plaintiff has failed to state an equal protection claim because there are no allegations that any of the Defendants acted with the intention to discriminate or that budget constraints are not a rational basis for delaying the wheelchair path. (Id. at 5-6.) Finally, Defendants argue that Plaintiff has not linked Defendants Heck and Prud'homme with an alleged violation. (Id. at 6.)

B.   **Plaintiff's Opposition**

Plaintiff concedes that injunctive relief is moot because he is no longer incarcerated at CSATF and barred because, as a member of the Armstrong class, he is required to pursue equitable relief through class counsel. (ECF No. 28 at 1.) However, he maintains that the facts alleged in the Complaint are sufficient to state cognizable

---

[1] The Armstrong case is a class action brought against state officials for violation of the ADA, the RA, and the Constitution by present and future prisoners and parolees suffering from certain disabilities. Armstrong v. Schwarzenegger, 622 F.3d 1058, 1062-63 (9th Cir. 2010). The action is in the remedial stage and there is a remedial plan in place. Id.

4

claims under the ADA, RA, and the Fourteenth Amendment.  (Id. at 2.)

Plaintiff argues that he was entitled to reasonable accommodation and the Defendants never claimed that the wheelchair path would impose an undue financial burden.  Plaintiff contends that he is not required to cite law in support of his claims.  At this stage of the proceedings it is enough to identify a failure to reasonably accommodate a disability.  (Id. at 3-4.)  Plaintiff also argues that his allegations state a cognizable equal protection claim.  He notified the Defendants via an inmate grievance that he required a wheelchair accessible pathway on the yard at CSATF.  The Defendants agreed to accommodate Plaintiff once funds were available.  The Defendants then expended resources to improve the running track used by able-bodied inmates.  Plaintiff asserts that these allegations demonstrate that the Defendants intentionally discriminated against him and therefore state a claim.  (Id. at 5.)

Plaintiff also opposes dismissing Defendants Heck and Prud'homme from this action for lack of personal participation.  The Complaint alleges that these Defendants participated in denying him reasonable accommodation and equal protection by reviewing his inmate grievance and failing to act.  Plaintiff argues that a supervisory official can be linked to a claim if they know of the alleged violation and fail to act to prevent it.  (Id. at 6-7.)

### C. **Defendant's Reply**

Defendants' reply asks that Plaintiff's injunctive claims be dismissed in light of Plaintiff's concession that they are moot and barred.  Defendants maintain that Plaintiff's claims for damages should also be dismissed.  Plaintiff requested an accommodation and the Defendants underwent a fact-specific inquiry into the feasibility or providing a wheelchair path.  According to the Defendants' reply, a fact-specific inquiry is all the ADA

5

or RA requires to foreclose damages as relief.  Defendants also argue that the disparate treatment between able-bodied runners on the track and Plaintiff had a rational basis. Runners were given an improved track to decrease injuries and Plaintiff was denied a wheelchair path until funds were available.  Defendants insist that there is no evidence of intent to discriminate.  (ECF No. 29 at 1-2.)

**V.    ANALYSIS**

The parties agree that Plaintiff's claims seeking injunctive relief should be dismissed.  The remaining issues are whether Plaintiff has alleged sufficient facts to state cognizable ADA, RA, and Equal Protection claims for damages and whether Defendants Heck and Prud'homme are properly linked to the alleged violations.

**A.    ADA and RA**

Plaintiff alleged that he could not access the horseshoe pit in his wheelchair and filed an accommodation request.  The Defendants' agreed to accommodate Plaintiff when funds became available.  As noted, to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (2009) (quoting Twombly, 550 U.S. at 555); Moss, 572 F.3d at 969.  The Court already applied this standard to Plaintiff's allegations at screening and determined that the operative pleading, liberally construed, stated viable ADA and RA claims.  Nothing has since changed.

"To recover monetary damages under Title II of the ADA or the Rehabilitation Act, a plaintiff must prove intentional discrimination on the part of the defendant . . ." and the standard for intentional discrimination is deliberate indifference.  Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).  "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to

act upon that likelihood." Id. at 1139.  "The first element is satisfied when the public entity has notice that an accommodation is required.  The second element is satisfied if the entity's failure to act [is] a result of conduct that is more than negligent, and involves an element of deliberateness.  Under the second element, a public entity does not act by proffering just any accommodation: it must consider the particular individual's need when conducting its investigation into what accommodations are reasonable." Lovell v. Chandler, 303 F.3d 1039, 1056 (9th Cir. 2002) (citing Duvall, 260 F.3d at 1139) (internal quotation omitted).

The Complaint alleges that the Defendants deliberately failed to act.  Defendants argue that Duvall requires only that they conduct an inquiry into what would be a reasonable accommodation under the circumstances.  The Court's review in this motion is limited to the operative pleading.  Daniels-Hall, 629 F.3d at 998. (9th Cir. 2010). Plaintiff alleged that he notified the Defendants of his need for an accommodation and they deliberately refused.  That the Defendants may have done all they could at the time in terms of investigating the feasibility of accommodation is a question that should not be decided here.  Plaintiff is entitled to have his pleading liberally construed and any doubt resolved in his favor.  After examining the Complaint a second time, the Court cannot say, as a matter of law, the Defendants did not exhibit deliberate indifference.  Plaintiff has set forth sufficient facts to support his ADA and RA claims for damages.

**B.    Equal Protection**

Plaintiff alleges that he tried to access the horseshoe pit and fell out of his chair. He asked the Defendants to build a wheelchair accessible pathway and they declined, citing insufficient funding.  However, after Plaintiff was denied a safe pathway, the Defendants allegedly expended resources to improve a running track for able-bodied

7

inmates. Based on these allegations, Plaintiff asserts that that he was treated differently from other prisoners on the yard at CSATF without a rational basis. As the Court explained in its screening order, that is all he needs to allege to state a cognizable equal protection claim. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

Defendants' motion does not explain why, as a matter of law, these allegations are insufficient. They argue that Plaintiff offers no evidence to support the conclusion that the difference in treatment was intentional or that inadequate resources is not a rational basis for their decision. The Court disagrees. The Defendants were allegedly aware of Plaintiff's needs before they assisted the able-bodied runners. This allegation supports the inference that the Defendants acted intentionally. Defendants allegedly cited a lack of available funds as the reason a wheelchair path could not be built but then they expended resources to improve a track for other inmates. Plaintiff's assertion that there is no rational basis in this decision is plausible.

### C.  Linkage

Defendants' final argument, that Defendants Heck and Prud'homme did not personally participate in the violations alleged and should therefore be dismissed form this action, has no merit. Defendants Heck and Prud'homme each participated in the decision to deny Plaintiff reasonable accommodation. Supervisors may be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff alleges that Defendants Heck and Prud'homme reviewed his complaint and were aware of the violations alleged. Each Defendant "can be held liable for . . . their acquiescence in the constitutional deprivation of which a complaint is made . . . ." Cunningham v. Gates, 229 F.3d 1271, 1292 (9th Cir. 2000).

## VI. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendant's Motion to Dismiss (ECF No. 22) be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 30, 2014                    /s/ *Michael J. Seng*
                                                      UNITED STATES MAGISTRATE JUDGE