1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| DARREN KAWAMOTO, | Case No.  1: 11-cv-01308-LJO-MJS (PC) |
| Plaintiff, | ORDER DENYING MOTION TO ENFORCE SETTLEMENT AGREEMENT |
| v. | (ECF Nos. 58 & 60) |
| DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

18        On November 6, 2014, the parties reached a settlement agreement.  (ECF No.

19  54.)  A stipulation and dismissal was submitted by the parties, (ECF No. 55.), and an

20  order granting the dismissal was issued on November 17, 2014.   (ECF No. 57.)

21  Judgment was entered on the same date.

22        Before the Court is Plaintiff's April 13, 2015 notice regarding Defendants' failure

23  to comply with the settlement.  (ECF No. 58.)  Defendants filed an opposition.  (ECF No.

24  59.)  Plaintiff then filed a motion to compel enforcement of the settlement agreement

25  (ECF No. 60.), and Defendants opposed the motion (ECF No. 62.).  On June 25, 2015,

26  the Court granted Plaintiff a 30-day extension of time to reply to Defendants' opposition.

27  (ECF No. 67.)   Plaintiff failed to file a reply and the time to do so has passed.  The

28  matter is deemed submitted.  Local Rule 230(*l*).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**I.     MOTION TO ENFORCE SETTLEMENT AGREEMENT**

In *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994), the Supreme Court considered the jurisdiction of federal courts to enforce settlement agreements.  The Court held that once parties to a lawsuit have settled and the District Court has dismissed the case, the District Court does not have ancillary jurisdiction to enforce the parties' settlement agreement.  *Id.* at 379-81.   Ancillary jurisdiction to enforce a settlement agreement may arise if the "parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal – either by [a] separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order."  *Id.* at 381; *Hagestad v. Tragesser*, 49 F.3d 1430, 1433 (9th Cir. 1995) (*quoting Kokkonen*, 511 U.S. at 381).  Such specific language confers the requisite jurisdiction because a breach of the agreement thereby violates the order.  *Kokkonen*, 511 U.S. at 381. Absent such language or an independent basis for jurisdiction, the enforcement of a settlement agreement is for the state courts.  *Id.* at 382.

To the extent that Plaintiff's motions can be construed as requests brought pursuant to Federal Rule of Civil Procedure 60(b)(6), the Ninth Circuit has held that the repudiation or "complete frustration" of a settlement agreement can be grounds to set aside a judgment.  *See Keeling v. Sheet Metal Workers Int'l*, 937 F.2d 408, 410 (9th Cir. 1991); *see also Kokkonen*, 511 U.S. at 378 (distinguishing enforcement of a settlement agreement from reopening a dismissed suit because of breach of the agreement that was the basis for dismissal).

In Plaintiff's initial "notice" to the Court, Plaintiff contends that Defendants have breached the settlement agreement by failing to pay him the total settlement amount agreed upon.  Defendants respond that the full settlement amount has already been paid to Plaintiff.  The amount Plaintiff ultimately received is less than the anticipated amount during the settlement discussions because, unbeknownst to Defendants at the

time, Plaintiff owed additional restitution from a prior case.

Plaintiff subsequently filed a motion to compel enforcement of the settlement agreement.  In that motion, Plaintiff argues that the State of California lacks the legal authority to collect the restitution from his 1991 case based on a change in the law in 1994.  Therefore, Defendants breached the settlement agreement by deducting that amount from his award.  Defendants respond that the Court lacks jurisdiction to enforce the agreement.  Even if the Court has jurisdiction, deducting the restitution amount from Plaintiff's prior 1991 case pursuant to California Penal Code § 2085.5 was well within the terms of the settlement agreement.  In so arguing, Defendants ask the Court to take judicial notice of abstracts of Plaintiff's prior judgments.

Here, the order of dismissal did not explicitly retain jurisdiction over the settlement agreement nor did the order incorporate the terms of the agreement.  Plaintiff has also not demonstrated the repudiation or "complete frustration" of the settlement agreement.  Defendants issued the full settlement amount to Plaintiff.  Plaintiff now essentially claims that Defendants breached the agreement because their deduction of certain restitution amounts was unauthorized by law and the terms of the agreement. The Court lacks jurisdiction to hear this claim.  Plaintiff must pursue such breach of contract arguments in state court.  Since the Court lacks jurisdiction to hear the claim, it need not decide the issue of judicial notice of Plaintiff's claims.

## II.   CONCLUSION AND ORDER

Accordingly, the Court HEREBY ORDERS that Plaintiff's motion to enforce the settlement agreement is DENIED.  (ECF Nos. 58 & 60.)

IT IS SO ORDERED.

Dated:   August 17, 2015          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28